IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                                                Case No. 4:15cv82-RH/CAS

**MS. CLEMEY,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently filed fifteen cases in this Court.[1] In this case, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, a motion requesting leave to proceed in forma pauperis, doc. 4, and a motion requesting the appointment of counsel, doc. 5.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill. Doc. 4. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer. Nevertheless, good cause has been shown

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; and 4:15cv105.

and Plaintiff's in forma pauperis motion, doc. 4, is **Granted**.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, doc. 1, has been reviewed and is insufficient as filed.  The complaint is not on court forms as is required by the local rules of this Court.  N.D. Fla. Loc. R. 5.1(H).  In addition, Plaintiff did not file a notice of the pendency of other or prior similar actions as required by N.D. Fla. Loc. R. 5.1(G).  That rule states: "Whenever the newly filed case involves issues of fact or law common with such issues in another case currently pending in this district, or if the case was previously terminated by any means and has now been refiled without substantial change in issues or parties, the party filing the case shall file a 'Notice of Pendency of Other or Prior Similar Actions' containing a list and description thereof."  *Id.*  As explained below, this case involves issues of fact which are in common with case 4:14cv332-RH/CAS.  A notice should have been filed.

The complaint also does not comply with Federal Rule of Civil Procedure 10(b).  Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances."  Fed. R. Civ. P. 10(b).  Plaintiff's complaint consists of three paragraphs, which are not limited to a single set of circumstances.

The complaint alleges that on June 5, 2008, Ms. Clemey "gave a false statement that caused Plaintiff to be falsely charged and falsely arrested."  Doc. 1 at 1.  Clemey reported that the power had been turned off at the residence of 1821 McKelvy Street in Quincy since August 10, 2007.  Plaintiff, however, contends that the utility bill had been paid, partly by Plaintiff and the rest by Community Action.  *Id.*  Plaintiff complains that

Officer Centeno communicated with Clemey who confirmed to him that the power had been turned off, and city employees reported to the police that power was on at that residence and had either been turned on by Plaintiff or he had someone do it for him. Plaintiff contends that when he got home, he discovered his power had been turned off by the police. *Id.* at 2. Plaintiff met with Ann Sherman about his utilities having been turned off, and she told Plaintiff he still owed $1,481.57 to the City of Quincy. *Id.* Plaintiff contends that he was required to open a new account in his name, pay a deposit for a new account, and change the utility box, which required Plaintiff to hire an electrician. *Id.* Plaintiff complains that he and his son lived without power for about a month while an electrician performed the work and pulled the permits. *Id.*

These allegations are the same factual events as Plaintiff presented in case number 4:14cv332. *See* doc. 1 of that case. Plaintiff named Clemey as a Defendant in that case, along with Ann Sherman, Officer Centeno, and other persons who Plaintiff contends were involved in turning off his utilities, payment of the bill, and arresting Plaintiff for theft of utilities. *See* case number 4:14cv332. Plaintiff has already been advised in that case that his claims were insufficient. They remain so in this case. Plaintiff's complaint does not state a claim against Ms. Clemey, nor does Plaintiff present facts against any other person which state a plausible § 1983 claim. Plaintiff's complaint should be dismissed with prejudice.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, doc. 4, is **GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 27, 2015.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:15cv82-RH/CAS