IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


RONALD DAVID JONES,

    Plaintiff,

v.                                             CASE NO. 4:15cv81-RH/CAS

KEITH DOWDELL,

    Defendant.

_____/

RONALD DAVID JONES,

    Plaintiff,

v.                                             CASE NO. 4:15cv82-RH/CAS

MS. CLEMEY,

    Defendant.

_____/

RONALD DAVID JONES,

    Plaintiff,

v.                                             CASE NO. 4:15cv83-RH/CAS

JACK MCLEAN,

    Defendant.

_____/

Cases No.   4:15cv81-RH/CAS, 4:15cv82-RH/CAS, 4:15cv83-RH/CAS, 4:15cv85-RH/CAS, 4:15cv90-RH/CAS

RONALD DAVID JONES,

    Plaintiff,

v.                                         CASE NO. 4:15cv85-RH/CAS

ANN SHERMAN,

    Defendant.

_____/

RONALD DAVID JONES,

    Plaintiff,

v.                                         CASE NO. 4:15cv90-RH/CAS

GREG TAYLOR,

    Defendant.

_____/

## ORDER OF DISMISSAL

These cases all arise from the alleged mishandling of the plaintiff Ronald David Jones's utility account and his resulting arrest for theft. An order in an earlier case filed by Mr. Jones, Case No. 4:14cv332, has been entered today dismissing with prejudice Mr. Jones's claims against other defendants.

These cases all arise from the same transaction, occurrence, or series of transactions or occurrences. Common questions of law and fact will arise in all the

cases.  Mr. Jones is the sole plaintiff in all the cases.  He could have asserted all his claims against all the defendants in a single case.  *See* Fed. R. Civ. P. 20(a)(2).  But Mr. Jones filed these many cases instead.

Each case is pending before the court on a report and recommendation.  Each report and recommendation concludes that the complaint should be dismissed.  The conclusion is correct.  And all the complaints but the oldest should be dismissed for another reason as well: the cases are duplicative.  This order dismisses all the complaints.

This order gives Mr. Jones leave to file an amended complaint.  But Mr. Jones will be afforded leave to file only a single amended complaint—that is, an amended complaint in the oldest of these cases, Case No. 4:15cv81.  The other cases will be dismissed without prejudice and without leave to amend, so that all Mr. Jones's remaining claims may go forward in a single case.

Mr. Jones may join in the one amended complaint all his claims against all defendants arising from the utilities episode and resulting arrest.  But Mr. Jones should note well: he should name as a defendant only individuals or entities against whom he alleges a plausible factual basis for relief.  Mr. Jones should choose defendants with far more precision than he has demonstrated to date.  Naming a defendant without a factual basis may result in the imposition of substantial sanctions against Mr. Jones.

Moreover, Mr. Jones should take into account the separate order entered today in Case No. 4:14cv332.  He may appeal the judgment in that case.  But he cannot again litigate in this case the claims dismissed in that case.

Any amended complaint must be plainly marked as an amended complaint and must allege the grounds for asserting that any named defendant is responsible for the alleged violation of the plaintiff's rights.

For these reasons,

IT IS ORDERED:

1.  The report and recommendation in each of these cases is accepted.  The complaint in each of these cases is dismissed.

2.  In Case No. 4:15cv81, Mr. Jones is granted leave to file an amended complaint.  Any amended complaint must be filed by January 13, 2016.

3.  The clerk must send the plaintiff a § 1983 complaint form.

4.  In each other case, the clerk must enter a judgment stating, "This case is dismissed without prejudice as duplicative," and the clerk must close the file.

5.  Case No. 4:15cv81 is remanded to the magistrate judge for further proceedings.

SO ORDERED on December 15, 2015.

          s/Robert L. Hinkle
          United States District Judge